Patrick J. Gibbs, Esq., Bar No. 143673
patrick@fwhb.com
Stacy A. Bradfield, Esq., Bar No. 218927
sbradfield@fwhb.com
Katherine M. Harwood, Esq., Bar No. 225202
kharwood@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center, Twenty-Seventh Floor
Long Beach, California  90831-2700
(562) 983-2500 (tele); (562) 983-2555 (fax)

Attorneys for Defendant, HOBBY LOBBY STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TAMARA LIVINGSTON,<br><br>        Plaintiff,<br><br>    Vs.<br><br>HOBBY LOBBY STORES, INC., and DOES 1 TO 10,<br><br>        Defendants. | Case No.<br>Underlying Case No. 22STCV27184<br>(Los Angeles Superior Court)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF KATHERINE M. HARWOOD, ESQ.** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant, HOBBY LOBBY STORES, INC. ("Defendant"), an Oklahoma corporation, hereby removes this action from Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§

1332, 1441 and 1446 on the basis of diversity.

## INTRODUCTION

1. On or about August 22, 2022, plaintiff TAMARA LIVINGSTON ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Central Courthouse, entitled *Tamara Livingston v. Hobby Lobby Stores, Inc. and Does 1 to 10,* Case No. 22STCV27184. Plaintiff alleges two causes of action for general negligence and premises liability arising out of a slip and fall accident that occurred on November 22, 2021, in the County of Los Angeles, in Lakewood, California.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

3. According to the Summons, the Complaint was served on Defendant on August 26, 2022. (Harwood Dec., ¶ 2.) Prior to filing the complaint, Plaintiff made a settlement demand claiming damages totaling $185,000. (Id. at ¶ 5.)

4. This Notice of Removal is timely because it is being made within thirty (30) days after service of the Complaint. (Id. at ¶ 6; 28 U.S.C. § 1446(b)(1).)

5. This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action. (Id. at ¶ 6.)

## BASIS FOR REMOVAL

6. At the time of filing her Complaint, Plaintiff was a resident and citizen of the State of California, County of Los Angeles. (Id. at ¶ 3.)

7. Defendant is a citizen of the State of Oklahoma, as both its place of incorporation and principal place of business are in Oklahoma. (Id. at ¶ 4.)

8. There are no other named defendants or plaintiffs in this action to Defendant's knowledge. The defendants identified as "Does 1 through 10" in Plaintiff's Complaint are merely fictitious parties against whom no cause of action is alleged and

who may be disregarded for purposes of diversity. (Harwood Dec., ¶ 8.) Pursuant to 28 U.S.C. § 1441(b), in determining whether a civil action is removable on the basis of diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." (*See also Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998); and *Rojas by and through Rojas v. Sea World Parks & Entertainment, Inc.*, 538 F. Supp.3d 1008, 1013 and 1018 (SD CA 2021).)

9. The amount in controversy exceeds $75,000. According to her settlement demand, Plaintiff seeks damages totaling $185,000. (Harwood Dec., ¶ 5.)

10. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which many be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff has alleged various damages totaling $185,000. (Harwood Dec., ¶ 2-5.)

11. Thus, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal of this action from the Superior Court of California, County of Los Angeles to the United State District Court for the Central District of California, Western Division is appropriate.

12. The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this federal judicial district. Also, Plaintiff is a resident of the County of Los Angeles in the State of California. (Harwood Dec., ¶ 3.)

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

14. Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Los Angeles, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

15. No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: September 19, 2022

                                   FORD, WALKER, HAGGERTY & BEHAR

BY: _____
     PATRICK J. GIBBS
     STACY A. BRADFIELD
     KATHERINE M. HARWOOD
     Attorneys for Defendant,
     HOBBY LOBBY STORES, INC.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446**

## DECLARATION OF KATHERINE M. HARWOOD, ESQ.

I, Katherine M. Harwood, declare as follows:

1.  I am an attorney duly authorized and licensed to practice before this court, as well as all courts of the State of California. I am an attorney with the law firm of Ford, Walker, Haggerty & Behar, counsel of record for defendant HOBBY LOBBY STORES, INC. ("Hobby Lobby" or "Defendant") in the above-captioned matter. The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief. If called as a witness, I could and would testify competently to the matters declared herein.

2.  According to the Summons, the Complaint was served on Defendant on August 26, 2022.

3.  According to information obtained from Plaintiff, she resides Downey, California in the County of Los Angeles. I am informed and believe she has been a citizen of the State of California at all relevant times, from the date of the incident up to and including the time she filed her Complaint.

4.  Hobby Lobby Stores, Inc. is incorporated in Oklahoma with its principal place of business in Oklahoma City, OK.

5.  Prior to filing the complaint, Plaintiff TAMARA LIVINGSTON made a settlement demand, claiming damages totaling $185,000.

6.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is being made within thirty (30) days after service of the Complaint. This Notice of Removal is also timely under 28 U.S.C. § 1446(b) since it is being filed within one (1) year of the commencement of this action.

7.  The alleged accident occurred at the Hobby Lobby Store located in Lakewood, California, County of Los Angeles.

8.  There are no other named defendants or plaintiffs in this action to Defendant's knowledge. The defendants identified as "Does 1 through 10" in Plaintiff's Complaint are merely fictitious parties against whom no cause of action is alleged.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446**

9. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed September 15, 2022.

_____

Katherine M. Harwood, Declarant

**EXHIBIT A**

Electronically FILED by Superior Court of California, County of Los Angeles on 08/22/2022 12:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

22STCV27184

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOBBY LOBBY STORES, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TAMARA LIVINGSTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER** *(Número del Caso):*
22STCV27184

SUPERIOR COURT OF CA, COUNTY OF LOS ANG
111 North Hill Street
LOS ANGELES, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JACOB C. HUSEN, ESQ. 323587 LAW OFFICES OF BRAD HUSEN
2200 VESPER CIRCLE, SUITE F-7 (951) 272-5757
CORONA, CA 92879

DATE: 08/22/2022   Clerk, by R. Clifton, Deputy
*(Fecha)*            *(Secretario)*            *(Adjunto)*

Sherri R. Carter Executive Officer / Clerk of Court

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] 

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: HOBBY LOBBY STORES, INC.
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 8/26/22

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CEB | Essential Forms
ceb.com

Electronically FILED by Superior Court of California, County of Los Angeles on 08/22/2022 12:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
22STCV27184

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>JACOB C. HUSEN, ESQ. 323587<br>Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Crowfoot<br>LAW OFFICES OF BRAD HUSEN<br>2200 VESPER CIRCLE, SUITE F-7<br>CORONA, CA 92879<br>TELEPHONE NO.: (951) 272-5757   FAX NO. *(Optional)*: (951) 279-0105<br>E-MAIL ADDRESS *(Optional)*: OFFICE@HUSENLAW.COM<br>ATTORNEY FOR *(Name)*: TAMARA LIVINGSTON | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: STANLEY MOSK CENTRAL COURTHOUSE | |
| PLAINTIFF: TAMARA LIVINGSTON<br><br>DEFENDANT: HOBBY LOBBY STORES, INC.<br><br>[X] DOES 1 TO 10 | |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>  [ ] AMENDED *(Number)*:<br>Type *(check all that apply)*:<br>  [ ] MOTOR VEHICLE   [X] OTHER *(specify)*: PREMISES LIABILITY<br>    [ ] Property Damage   [ ] Wrongful Death<br>    [X] Personal Injury   [X] Other Damages *(specify)*:<br>                 GENERAL NEGLIGENCE | |
| Jurisdiction *(check all that apply)*:<br>  [ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded  [ ] does not exceed $10,000<br>                 [ ] exceeds $10,000, but does not exceed $25,000<br>  [X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>  [ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br><br>22STCV27184 |

1. Plaintiff *(name or names)*: TAMARA LIVINGSTON

   alleges causes of action against defendant *(name or names)*: HOBBY LOBBY STORES, INC. AND DOES 1 – 10

2. This pleading, including attachments and exhibits, consists of the following number of pages: FIVE
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

   b. [ ] except plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | CEB Essential Forms | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |

PLD-PI-001

| SHORT TITLE: LIVINGSTON v. HOBBY LOBBY STORES, INC. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
   a. ☒ except defendant (name):
      HOBBY LOBBY STORES, INC.
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.
6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1 - 10 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1 - 10 are persons whose capacities are unknown to plaintiff.
7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LIVINGSTON v. HOBBY LOBBY STORES, INC. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 8/19/22

JACOB C. HUSEN, ESQ.
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]        COMPLAINT-Personal Injury, Property        Page 3 of 3
CEB | Essential Forms                         Damage, Wrongful Death

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LIVINGSTON v. HOBBY LOBBY STORES, INC. | |

___FIRST___      **CAUSE OF ACTION - Premises Liability**      Page __4__
(number)

ATTACHMENT TO [X] Complaint   [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* TAMARA LIVINGSTON
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* 11/22/2021                plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):*
PLAINTIFF, TAMARA LIVINGSTON WAS WALKING THROUGH THE STORE, WHEN SUDDENLY AND WITHOUT
WARNING, SHE SLIPPED AND FELL ON THE WET FLOOR WHICH MADE THE FLOOR UNREASONABLY
SLIPPERY, AND THEREBY CAUSED INJURIES AND DAMAGES TO PLAINTIFF AS A RESULT. DEFENDANT,
HOBBY LOBBY STORES, INC. NEGLIGENTLY OWNED, MAINTAINED, MANAGED AND OPERATED THE
DESCRIBED PREMISES AND ALLOWED THE DANGEROUS CONDITION TO EXIST WHICH CAUSED PLAINTIFF,
TAMARA LIVINGSTON'S INJURIES AND DAMAGES. DEFENDANT, HOBBY LOBBY STORES, INC. KNEW OR
SHOULD HAVE KNOWN ABOUT THE DANGEROUS CONDITION BUT ALLOWED THE FLOOR TO REMAIN WET AND
FURTHER FAILED TO WARN ABOUT THE DANGEROUS CONDITION.

Prem.L-2.   [X] **Count One-Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
HOBBY LOBBY STORES, INC.

[X] Does __1__ to __10__

Prem.L-3.   [ ] **Count Two-Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

[ ] Does _____ to _____
Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4.   [X] **Count Three-Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*
HOBBY LOBBY STORES, INC.

[X] Does __1__ to __10__
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [ ] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

[ ] Does _____ to _____
b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b  [ ] as follows *(names):*

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| LIVINGSTON v. HOBBY LOBBY STORES, INC. | |

____SECOND____  **CAUSE OF ACTION- General Negligence**   Page 5____
(number)

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: TAMARA LIVINGSTON

alleges that defendant *(name)*: HOBBY LOBBY STORES, INC.

☒ Does   1   to  10

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: 11/22/2021
at *(place)*: LAKEWOOD, CA

*(description of reasons for liability)* :
PLAINTIFF, TAMARA LIVINGSTON WAS WALKING THROUGH THE STORE, WHEN SUDDENLY AND WITHOUT WARNING, SHE SLIPPED AND FELL ON THE WET FLOOR WHICH MADE THE FLOOR UNREASONABLY SLIPPERY, AND THEREBY CAUSED INJURIES AND DAMAGES TO PLAINTIFF AS A RESULT. DEFENDANT, HOBBY LOBBY STORES, INC. NEGLIGENTLY OWNED, MAINTAINED, MANAGED AND OPERATED THE DESCRIBED PREMISES AND ALLOWED THE DANGEROUS CONDITION TO EXIST WHICH CAUSED PLAINTIFF, TAMARA LIVINGSTON'S INJURIES AND DAMAGES. DEFENDANT, HOBBY LOBBY STORES, INC. KNEW OR SHOULD HAVE KNOWN ABOUT THE DANGEROUS CONDITION BUT ALLOWED THE FLOOR TO REMAIN WET AND FURTHER FAILED TO WARN ABOUT THE DANGEROUS CONDITION.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]   CEB Essential Forms   ceb.com

**CAUSE OF ACTION- General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

PROOF OF SERVICE BY MAIL – F.R.Civ.P. 5)
*DOCUMENTS FILED ELECTRONICALLY*
LIVINGSTON V. HOBBY LOBBY, ET AL
USDC Case No.

UNITED STATES DISTRICT COURT        )
                                    )
CENTRAL DISTRICT OF CALIFORNIA   )

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: One World Trade Center, Twenty-Seventh Floor, Long Beach, California 90831-2700.

On September 20, 2022 I served the within: NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 (DIVERSITY) AND DECLARATION OF KATHERINE M. HARWOOD, ESQ. on the interested parties in said action,

 X   (BY MAIL)  I am readily familiar with the firm's practice of collecting and processing of documents and correspondence for mailing with the United States Postal Service.  Under that practice, on the above date the envelope was sealed and placed for collection and mailing following the ordinary business practices of our office.  This results in the envelope being delivered to the United States Postal Service in Long Beach, California, that same day, with postage thereon fully prepaid.

 _x_(BY ELECTRONIC SERVICE - EMAIL) I caused a true copy of the foregoing document(s) to be transmitted by email to each of the parties designated herein and as last given by that person on any document which he or she has filed in this action and served upon this office. By e-mailing the document(s) to the persons at the e-mail address(es). Pursuant to California *Code of Civil Procedure* §1010.6, this office will use electronic mail for service purpose.

___ (BY ELECTRONIC SERVICE) I caused such document to be Electronically Served on all parties through the **United States District Court – Central District** for the above-entitled case.  This service complies with CCP §1010.6.  The file transmission was reported as complete and a copy of the "Filing Receipt" page will be maintained with the original document in our office.

**SEE ATTACHED SERVICE LIST**

  X    I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

  X    I hereby certify under the penalty of perjury that the foregoing is true and correct.  Executed on  September 20, 2022, at Long Beach, California.

*Diana Boyadjian*
Diana Boyadjian

7

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446**

LIVINGSTON V. HOBBY LOBBY STORES, INC.
USDC Case No.

| Jacob C. Husen, Esq.<br>Law Offices of Brad Husen<br>2200 Vesper Circle, Suite F-7<br>Corona, California 92879-3526<br>Tel. (951) 272-5757<br><br>Email:  jake@husenlaw.com | Attorneys for Plaintiff, TAMARA LIVINGSTON |
|---|---|

8

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332, 1441, 1446**